(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Kendall Maurice Smith III

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

Robert M. Coupe (Commissioner at time),
Marc Richman (Bureau Chief of Medical at time),
; et al

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)_

Civ. Action No. _____
(To be assigned by Clerk's Office)

**COMPLAINT**
_(Pro Se Prisoner)_

Jury Demand?
☒ Yes
☐ No

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

Check one:

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Name (Last, First, MI): SMITH, Kendall, Maurice

Aliases:

Prisoner ID #: 00619570

Place of Detention: James T. Vaughn Correctional Center

Institutional Address: 1181 Paddock Road

County, City: Smyrna    State: Delaware    Zip Code: 19977

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

Page 2 of 14

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __Coupe, Robert__
Name (Last, First)

__N/A__
Current Job Title

__N/A__
Current Work Address

_____
County, City          State          Zip Code


Defendant 2: __Richman, Marc__
Name (Last, First)

__N/A__
Current Job Title

__N/A__
Current Work Address

_____
County, City          State          Zip Code

Page 3 of 14

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

**Defendant(s) Continued**

Defendant 3: ____John / Jane Doe (Medical Director)____
Name (Last, First)

____N/A____
Current Job Title

____N/A____
Current Work Address

____N/A____
County, City          State          Zip Code


Defendant 4: ____John / Jane Does (Those responsible for grievance committees and investigators)____
Name (Last, First)

____N/A____
Current Job Title

____N/A____
Current Work Address

____N/A____
County, City          State          Zip Code

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## V. STATEMENT OF CLAIM

Place(s) of occurrence: James T. Vaughn Correctional Center

Date(s) of occurrence: 2013 - 6/22/16

State which of your federal constitutional or federal statutory rights have been violated:

8TH Amendment (Cruel and Unusual Punishment) - Deliberate Indifference -

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

| What happened to you? |

The plaintiff suffered for nearly 2½ to 3 years from an extreme delay and denial of access to treatment for his disabled vision (ie, being provided by an optometrist and provided new eye-glasses); Specifically, plaintiff was evaluated (ie, eye-tested) by an optometrist in the prison's daily used food hall (cafeteria) setting and later supplied with a prescribed pair of eyeglasses, in 2013; Unfortunately, the eye-glasses that were prescribed were extremely blurry and incapable of properly seeing through, in which he complained to the nurse who hand-to-handly gave them to him; Respondingly, the nurse urged plaintiff to wait and to allow the eye-glasses to adjust; Consequently, the eye-glasses never adjusted to his eyes, and they still were very blurry; Eventually, plaintiff filed a sick call and was seen by nurse, whereas the nurse conducted a Rosenbaum and Snellen eye test; Thereafter, the nurse established that plaintiff be seen by an optometrist again, for purposes of being properly prescribed a new pair of eye-glasses; Sadly,

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

> Who did what?

plaintiff was not seen by an optometrist nor provided a new pair of properly prescribed eye-glasses for 2 years from the nurse's recommendations; Further, plaintiff underwent a laborous and suffering grievance process which the medical grievance committees and investigators continually denied and delayed medical treatment, despite the nurse's recommendation; So, for 2 plus years, plaintiff suffered due to being unable to see (ie, very blurry vision) without properly prescribed eye-glasses, due to not being seen by an optometrist, due to vision becoming worse, due to extreme fear of not being able to see the possible dangers and warning signs through the body language of both correctional officers and inmates in such a criminal prison environment, and due to not receiving a new properly prescribed pair of glasses; Then, on 6/14/16, plaintiff was finally seen by an optometrist and later (ie, few weeks) perscribed a new pair of properly prescribed eye-glasses; On 6/22/16, the Bureau of Healthcare Services' Bureau Chief Marc Richman confirmed that plaintiff exhausted all remedies of grievance process; Currently, plaintiff is still disputing with the prison (via, grievances) for not allowing him to possess two pairs of eye-glasses for contingency or emergency purposes.

## (Chronological Order Of Events)

- <u>2013 (not sure of exact date)</u> - Seen by an optometrist and later supplied with eye glasses.
- <u>8/11/14</u> - Seen in nurse sick call; Complaint of wrong eye prescription and inability to see; Rosenbaum and Snellen eye test conducted; Thereafter, ordered to be evaluated by an optometrist.

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

**Was anyone else involved?**

- 9/13/14 - Plaintiff filed grievance #290794; Complaint of eyes worsening, still without eye glasses, not seen by optometrist.
- 10/6/14 - Seen by investigator (Deborah Snow, RN); Investigator noted plaintiff was seen by nurse at sick call and Rosenbaum; Snellen eye test done; Investigator requested that plaintiff be evaluated by optometrist; plaintiff did not sign because plaintiff's requests were unresolved; grievance #290794 unresolved.
- 11/2/15 - Plaintiff filed another grievance #321826 on same issues; Still without eye glasses and optometrist treatment.
- 11/11/15 - Seen by investigator (Lisa Ulsh, RN); Investigator requested that plaintiff be seen for USC vision testing.
- 12/9/15 - Seen by grievance committee (Katrina Burley, Stacie Collins-Young, Penny Davis-Wipf, and Adina Negoita); Grievance denied; "Patient has not put in a sick call, needs to follow sick call process."; Plaintiff did not appeal
- 3/29/16 - Sick call filed; Seen by nurse; Charged $4 (four dollars); Complaint of initial issues (8/11/14)
- 4/10/16 - Plaintiff filed grievance #334538 for:
  1.) Review of grievance #321826 error for not identifying that plaintiff did follow sick call process (8/11/14), and to also grant grievance #321826
  2.) Wrongfully charging plaintiff for the same issues, and to refund the $4 (four dollar) fee.
  3.) Still not being seen by optometrist nor being provided with newly prescribed eye glasses.
  4.) The suffering and fear of such a state of being without properly prescribed eye-glasses.
- 4/20/16 - Seen by investigator (Lisa Ulsh, RN); Investigator requested that plaintiff be refunded $4 (four dollars) fee due to plaintiff's valid claims (see grievance #334538); Grievance still unresolved because plaintiff was not granted evaluation by optometrist

Page 7 of 14

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

nor new prescribed eye-glasses.

> [Was anyone else involved?]

- 5/6/16 - Seen by grievance committee (Laura Brackett, Katrina Burley, Stacie Collins-Young, and Penny Davis-Wipf) on grievance #334538; Plaintiff was granted refund of $4 (four dollars) fee; However, evaluation by optometrist and new eye-glasses not granted.
- 5/20/16 - Plaintiff appealed grievance #334538; Complaint of not being granted evaluation by optometrist nor new eye glasses as mentioned in every complaint dating back to sick call (8/11/14) and initial grievance #290794 (9/13/14)
- 6/14/16 - Plaintiff seen by optometrist and later (ie, few weeks) supplied with new eye glasses.
- 6/22/16 - Plaintiff's grievance #334538 upheld for fee charge, but denied on other complaints (ie, new eye-glasses, optometrist, etc., grievance #321826 being wrongfully denied, etc.); Department of Correction Bureau of Healthcare Services' Bureau Chief Marc Richman confirmed that plaintiff exhausted all remedies of grievance process #334538.

## Who DID WHAT?

- The defendants listed (ie Robert M. Coupe, Marc Richman, etal.) are either directly or indirectly responsible for Plaintiff's more than 2 years delay and denial of medical treatment for his vision and responsible for the further damaging of his vision, and responsible for his mental discomfort of not trusting

Page 8 of 14

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

the Department of Corrections and its medical administrative personnel to protect his health, safety, and Civil right

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Is there a grievance procedure available at your institution? ☒ Yes ☐ No

Have you filed a grievance concerning the facts relating to this complaint? ☒ Yes ☐ No
If no, explain why not:
N/A

Is the grievance process completed? ☒ Yes ☐ No
If no, explain why not:
N/A

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

1.) Compensation for damages (ie, Physical and Mental)
2.) Repayment on filing fees
3.) Compensation for injunctions (ie, future eye treatment)
4.) Eye Surgery (injunction) or 2 pairs of more indelible eye-glasses frames

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner? ☐ Yes ☑ No

If yes, how many? _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

N/A

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

_____

_____

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

3/12/18 — Dated

*Kendall M. Smith III* — Plaintiff's Signature

Smith, Kendall, Maurice
Printed Name (Last, First, MI)

#00619570
Prison Identification #

1181 Paddock Road — Prison Address
Smyrna — City
Delaware — State
19977 — Zip Code

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Page 11 of 14