IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENDALL MAURICE SMITH, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 18-387-GMS |
| | ) |
| ROBERT COUPE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Kendall Maurice Smith, III ("Smith"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983[1] alleging violations of his constitutional rights. (D.I. 3, 11.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He has also filed a request for counsel. (D.I. 8.)

## II. BACKGROUND

Smith alleges that he suffered for a number of years from an extreme delay and denial of medical care. He explains that in 2013, he was seen by an optometrist who examined him. Smith was later given a pair of prescription eyeglasses. However, the new glasses did not correct

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

his vision, and he was not able to see properly. Smith complained to the nurse who urged him to wait to allow his eyes to adjust to the new eyeglasses. He waited, but his eyes did not adjust.

Smith submitted a sick call slip and was seen by a nurse in August 2014 who tested and examined Smith. The nurse indicated that Smith should again see an optometrist so that he could be properly prescribed a new pair of eyeglasses. Smith submitted a sick call slip on March 29, 2016, and was seen by a nurse. Smith alleges that it was not until June 14, 2016, when he was finally seen by an optometrist and provided new eyeglasses a few weeks later.

Between August 2014 and June 2016, Smith submitted the following grievances complaining about the optometrist/eyeglasses issues:

- **Grievance 290794**, submitted September 13, 2014, was investigated by Deborah Snow ("Snow") who requested an optometric evaluation for Smith. Smith did not sign off on the grievance because his requests remained unresolved.
- **Grievance 321826**, submitted November 2, 2015, raised the same eyeglasses and optometrist issues. Investigator Lisa Ulsh ("Ulsh") who requested that Smith be seen for vision testing. On December 9, 2015, the matter was heard by grievance committee members Katrina Burley ("Burley"), Stacie Collins-Young ("Collins-Young"), Penny Davis-Wipf ("Davis-Wipf"), and Adina Negoita ("Negoita"). The committee denied the grievance on the grounds that Smith had not submitted a sick call slip. Plaintiff did not appeal.
- **Grievance 334538**, submitted April 10, 2016, complaining that Grievance 321826 was denied in error and asking that it be granted, that he had been charged a $4.00 medical fee and that he had yet to see an optometrist or receive newly prescribed eyeglasses. Ulsh investigated the matter, but the grievance remained unresolved. The grievance committee, consisting of Laura Brackett ("Brackett"), Burley, Collins-Young and Davis-Wipf heard the matter on May 6, 2016, but they did not grant Smith's request for an optometric evaluation and new eyeglasses. Smith appealed.[2] Grievance 334538 was upheld on the fee charge and denied on all other issues.

Smith alleges that the defendants former Delaware Department of Correction ("DOC") Commissioner Robert Coupe ("Coupe"), DOC Correctional Healthcare Services Bureau Chief

---

[2] Smith was seen by an optometrist on June 14, 2016, while the matter was on appeal.

Marc Richman ("Richman"), John/Jane Doe medical director ("Director Doe"), and John/Jane Does Grievance Committee members and investigators are either directly or indirectly responsible for the more than two-year delay and denial of medical treatment, and are responsible for further damage to Smith's vision and caused mental discomfort. He seeks compensatory and punitive damages, as well as injunctive relief.

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Smith proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Smith leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Respondeat Superior/Personal Involvement

The allegations indicate that Coupe is named as a defendant based upon his supervisory position. There are no allegations lodged against Director Doe.

There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325, (1981) (liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). With regard to Coupe, a non-medical prison official must either actually know, or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

It is clear that Smith's claim against Coupe is based on a theory of respondeat superior which is insufficient to state a claim under § 1983. *See Dodson*, 454 U.S. at 325. Smith does not allege that Coupe participated in or approved of any alleged wrongdoing, or that Coupe actually knew, or had reason to believe, that Smith's eye care was delayed or denied by medical staff. *See Baraka*, 481 F.3d at 210; *Evancho*, 423 F.3d at 353; *Spruill*, 372 F.3d at 236. Finally, dismissal of Director Doe is appropriate given that, although listed as a defendant, Smith made no specific allegations against Director Doe. *See Sims v. Piazza*, 462 F. App'x 228 (3d Cir. 2012) (unpublished) (when screening complaint pursuant 28 U.S.C. § 1915(e)(2)(B), district court also did not err in dismissing the defendant because the plaintiff did not lodge specific allegations against the defendant).

Therefore, the Court will dismiss Coupe and Director Doe, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), as the claims raised against them are legally frivolous.

**B. Grievance**

To the extent Smith attempts to raise claims regarding the grievances he submitted, the claims are not cognizable. Smith specifically refers to Richman as ruling on Grievance 334538. He also mentions Burley, Collins-Young, Davis-Wipf, Negoita, and Brackett as serving on grievance committees that denied his grievances.

The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that Smith bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011)

(unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Smith is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (unpublished) (citing *Flick v. Alba*, 932 F.2d at 729).

Smith cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Smith's grievance claims are frivolous. Therefore, they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Medical Needs

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

Liberally construing his allegations, Smith has raised what appear to be cognizable medical needs claims against Brackett, Burley, Collins-Young, and Davis-Wipf. Although these individuals are named as John/Jane Does (those responsible for grievance committees) in the

case caption and list of defendants, they are specifically referred to in the body of the complaint. The Clerk of Court will be instructed to substitute their names for the John/Jane Doe defendants.

With regard to the other individuals named in the complaint, the John/Jane Doe investigators recommended optometric treatment for Smith, the December 2015 grievance committee members advised Smith on the steps required to receive treatment, and Richman had no involvement in the matter until after Smith had seen an optometrist. The allegations against the foregoing individuals do not rise to the level of constitutional violations.

Therefore, the medical needs claims raised against the December 2015 grievance committee members, John/Jane Does investigators, and Richman will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Smith will be allowed to proceed with the medical needs claims against Brackett, Burley, Collins-Young, and Davis-Wipf.

### D. Request for Counsel

Smith seeks counsel on the grounds that he does not have the ability to present his own case, is unskilled in the law and the issues are complex, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot attain and afford counsel on his own behalf, counsel would serve the best interest of justice, and his allegations if proven would establish a constitutional violation. (D.I. 4.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However,

---

[3] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate the plaintiff's ability to articulate his claims and represent himself. In addition, the defendants have not been served. Thus, in these circumstances, the court will deny without prejudice to renew the plaintiff's request for counsel. (D.I. 4.) Should the need for counsel arise later, one can be sought at that time.

## V. CONCLUSION

For the above reasons, the court will: (1) dismiss the defendants Robert Coupe, Marc Richman, Jane/John Doe medical director, and John/Jane Does investigators, the grievance claims, and medical needs claims raised against the December 2015 grievance committee

members pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (2) direct the Clerk of Court to reflect on the Court docket that the John/Jane Does parties responsible for grievance committees have been identified as Laura Brackett, Katrina Burley, Stacie Collins-Young, and Penny Davis-Wipf; (3) allow Smith to proceed with the medical needs claims against Laura Brackett, Katrina Burley, Stacie Collins-Young, and Penny Davis-Wipf; and (4) deny Smith's request for counsel without prejudice to renew (D.I. 4).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

June 6, 2018
Wilmington, Delaware