IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENDALL MAURICE SMITH, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. Action No. 18-387-CFC | |
| | ) | |
| LAURA BRACKETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Kendall Maurice Smith, III, SCI Smithfield, Huntingdon, Pennsylvania.  Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Kelly Elizabeth Rowe, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendants Laura Brackett, Stacie Collins-Young, and Penny Davis-Wipf.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant Katrina Burley.

**<u>MEMORANDUM OPINION</u>**

June 5, 2020
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff Kendall Maurice Smith, III ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center, now housed at SCI Smithfield in Huntingdon, Pennsylvania, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  (D.I. 2, 10)  He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pending are Plaintiff's requests for counsel, a motion for Defendants to answer the Complaint (titled "motion to compel"), and a request for entry of default, as well as a motion to dismiss filed by Defendants Laura Brackett ("Brackett"), Stacie Collins-Young ("Collins-Young"), and Penny Davis-Wipf ("Davis-Wipf") ("Connections Defendants").  (D.I. 19, 22, 38, 40, 41)

## I.     BACKGROUND

Plaintiff alleges that he suffered for a number of years due to extreme delay and denial of medical treatment related to his eyes, vision, and prescription glasses.  (D.I. 2, 10)  Upon screening, the Court liberally construed the allegations in Plaintiff's complaint and allowed him to proceed on what appeared to be cognizable medical needs claims related to Grievance 334538 submitted by Plaintiff on April 10, 2016.  (*See* D.I. 11, 12)  The claims are raised against grievance committee members Brackett, Collins-Young, Davis-Wipf, and non-moving Defendant Katrina Burley ("Burley").[1]  The Court dismissed all other claims including grievance claims, medical needs claims raised against the December 2015 grievance committee members, and all claims raised against Defendants Robert Coupe, Marc Richman, Jane/John Doe medical director, and John/Jane Does investigators based upon lack of personal involvement and respondeat

---

[1] Burley answered the complaint on April 15, 2019.  (D.I. 15)

superior, and because the allegations did not rise to the level of constitutional violations.
(*Id.*)

Grievance 334538 complained that: (1) Plaintiff's Grievance 321826 was denied in error on December 9, 2015; (2) Plaintiff was wrongfully charged a $4.00 medical visit fee on March 29, 2016; and (3) as of April 10, 2016, the date he submitted the grievance, Plaintiff had not yet seen an optometrist or been provided with new prescription eyeglasses. (D.I. 2 at 7)

The grievance committee granted Plaintiff a $4.00 medical fee refund and denied that portion of the grievance that sought an evaluation by an optometrist and new eyeglasses. (*Id.*) Plaintiff appealed. While the appeal was pending, he was seen by an optometrist on June 14, 2016 and a few weeks later he was provided new eyeglasses. (*Id.* at 6, 8) The grievance appeal was resolved on June 22, 2016. (*Id.*)

Connections Defendants move to dismiss on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies; (2) the claims are time-barred; and (3) the Complaint fails to state a claim upon which relief may be granted. The Court will not address the arguments that seek to dismiss previously dismissed claims.[2] Plaintiff did not file an opposition to the motion to dismiss. He has, however, filed requests for

---

[2] The Court dismissed most claims for reasons other than exhaustion of administration remedies or as barred by the applicable two-year limitation period. Regardless, it is apparent from the face of the Complaint that all claims that occurred more than two years prior to the March 12, 2018 filing of the Complaint (calculated using the prison mailbox rule) are barred by the applicable two-year limitation period. *See Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 199 (3d Cir. 2019); 10 Del. C. § 8119.

2

counsel, a motion for Defendants to file an answer, and a request for entry of default. (D.I. 19, 22, 40, 41)

## II.   MOTION TO DISMISS

### A.   Legal Standards

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim upon which relief can be granted a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering Rule 12(b)(6) motions to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citations omitted).

B.     **Discussion**

1.     **Exhaustion**

Connections Defendants argue that Plaintiff did not exhaust his administrative remedies as is required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  More particularly, they argue that Grievance 334538 was not filed within seven days as required by Delaware Department of Correction Policy A-10, Grievance Process for Healthcare Complaints ("DOC Policy A-10").  (D.I. 39 at 12)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").  Proper exhaustion of administrative remedies is required to satisfy the exhaustion requirements.  *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  To properly exhaust administrative remedies an inmate "must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself."  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Johnson v. Wireman*, __ F. App'x__, 2020 WL 2116409 (3d Cir. May 4, 2020).

Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint.

4

*Jones v. Bock*, 549 U.S. at 216.   Failure to exhaust administrative remedies must be

pled and proved by the defendant.   *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Connections Defendants rely upon DOC Policy A-10 to support their position that

Plaintiff did not timely submit Grievance 334538 and, therefore, failed to exhaust his

administrative remedies.   DOC Policy A-10 was not provided to the Court for review.

The current DOC Policy A-10, effective May 14, 2019, is available on the Delaware

Department of Correction web-site.   DOC Policy A-10 states, "This policy has changed

significantly and should be reviewed in its entirety."   *See* doc.delaware.gov/assets/

documents/policies/policy_11-A-10.pdf (last visited May 15, 2020).   Because the current

DOC Policy A-10 has been changed significantly, it cannot be relied upon by the Court

to determine whether Plaintiff's Grievance 334538, submitted on April 10, 2016, was

untimely.   Consequently, Connection Defendants have failed to meet their burden to

show that Plaintiff failed to exhaust his administrative remedies for Grievance 334538

under the theory that it was not timely submitted.[3]

Accordingly, the Court will deny the motion to dismiss insofar as it is based on

the contention that Plaintiff failed to exhaust his administrative remedies.

### 2.     Medical Needs

Connections Defendants seek dismissal on the grounds that the Complaint fails

to state a claim for violation of the Eighth Amendment.   Connections Defendants argue

---

[3] The Court reiterates that it previously dismissed all claims related to the two other grievances discussed by Connections Defendants in the "Plaintiff failed to exhaust his administrative remedies" and "Plaintiff's claims are barred by the statute of limitations" sections.   (D.I. 39 at 10-13).

5

that: (1) the Complaint fails to allege the requisite state of mind required for an Eighth
Amendment claim; (2) the Complaint does not allege that any Connections Defendant
provided or otherwise denied Plaintiff medical treatment; and (3) Plaintiff has no
constitutional right to an effective grievance process.[4]  (D.I. 39 at 17-19)  As discussed
above, upon screening Plaintiff was allowed to proceed against Connections
Defendants on his medical needs claims related to Grievance 334538.  The Court now
revisits the Eighth Amendment medical needs issue and considers Connections
Defendants' argument for dismissal.

When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  The Eighth
Amendment proscription against cruel and unusual punishment requires that prison
officials provide inmates with adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97,
103-105  (1976).  To state a cognizable claim, an inmate must allege (i) a serious
medical need and (ii) acts or omissions by prison officials that indicate deliberate
indifference to that need.  *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plant*ier, 182
F.3d 192, 197 (3d Cir. 1999).  A prison official is deliberately indifferent if he knows that
a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to
avoid the harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prison official may

---

[4] The Court addressed and dismissed the issue of an ineffective grievance process in
its screening order to the extent Plaintiff intended to raise such a claim.

6

manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

To establish personal liability against a defendant in a section 1983 action, a defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The Complaint alleges that on May 6, 2016, Plaintiff was seen by the grievance committee comprised of the Connections Defendants and Burley. At that time the grievance committee granted in part and denied in part Grievance 334538. This is the only claim directed towards the Connections Defendants, all other allegations directed towards the Connections Defendants having been dismissed. (*See* D.I. 11 at 8 ) ("[T]he December 2015 committee members advised [Plaintiff] on the steps required to receive treatment . . . . The allegations against the foregoing individuals do not rise to the level of constitutional violations.").

Plaintiff attempts to raise medical needs claims against the Connections Defendants despite the lack of  allegations of their direct involvement in his medical care. Deliberate indifference can be shown where prison authorities prevent an inmate from receiving a recommended treatment. *See Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Courts are divided, however, on whether an official's review and denial of a grievance can establish personal involvement sufficient

to state a medical needs claim. *See e.g., Mazza v. Austin*, 2018 WL 746409, at \*9 (E.D. Cal. Feb. 7, 2018) (recommending denial of motion for summary judgment on plaintiff's claim challenging medical decisions reached by defendants, both as members of the prison grievance committee and in directly assessing plaintiff's medical needs when reviewing plaintiff's appeal); *Battle v. Recktenwald*, 2016 WL 698145, at \*10 (S.D.N.Y. Feb. 19, 2016) (agreeing that defendant's denial of an administrative grievance or a refusal to override the medical advice of medical personnel is insufficient to establish liability for an Eighth Amendment violation); *Ward v. Kentucky State Reformatory*, 2009 WL 2342724, at \*5 (W.D. Ky. July 28, 2009) (holding that where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment); *Henry v. Wilson*, 2008 WL 131164, at \*4-5 n.1 (W.D. Pa. Jan. 9, 2008) (noting that plaintiff cannot allege personal involvement by any defendant merely by virtue of his or her involvement in reviewing inmate grievances); *Madison v. Mazzuca*, 2004 WL 3037730, at \*10 (S.D.N.Y. Dec. 30, 2004) (noting that personal involvement is present where a supervisor reviewed a prisoner's grievance with respect to a constitutional violation and decides against taking any corrective action).

The scant allegations here do not indicate whether Plaintiff challenges the grievance process because of an adverse outcome or whether he challenges the medical decisions reached by the Connections Defendants in their roles in assessing Plaintiff's medical needs when reviewing his grievance. *See Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the

8

denial of a request to receive medical care.").  Nor do the facts describe the personal involvement, if any, of each defendant.  As pleaded, the medical needs claim fails to state a claim upon which relief may be granted against the Connections Defendants. Therefore, the motion to dismiss will be granted.  Plaintiff, however, will be given leave to amend the claim.

## III.    REQUEST FOR COUNSEL

Plaintiff is now housed in the Pennsylvania prison system.  He explains that this is his first experience in civil court proceedings.  (D.I. 23)  Plaintiff seeks counsel on the grounds that he is disadvantaged in both accessing and receiving Delaware legal materials.  (D.I. 19)  He indicates that it takes approximately a month to receive a response to a request when using the Delaware Law Library request form system.  (*Id.*) He asks for an attorney or an immediate transfer to the Delaware Department of Correction.  (*Id.*)   He also seeks counsel on the grounds that he cannot afford counsel; he is unable to present his case due to his transfer; he lacks the education, prior work experience, and prior litigation experience to present his case; he does not have adequate access to Delaware's law library system; the issues are complex; an investigation will be required; and the case may turn on the credibility of those involved. (D.I. 22)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[5]  *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d

---

[5] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)

Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation
by counsel may be appropriate under certain circumstances, after a finding that a
plaintiff's claim has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of
factors when assessing a request for counsel.  Factors to be considered by a court in
deciding whether to request a lawyer to represent an indigent plaintiff include:  (1) the
merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case
considering his or her education, literacy, experience, and the restraints placed upon
him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to
which factual investigation is required and the plaintiff's ability to pursue such
investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and
(6) the degree to which the case turns on credibility determinations or expert testimony.
*See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at
155-56.  The list is not exhaustive, nor is any one factor determinative.  *Tabron*, 6 F.3d
at 157.

Several of the *Tabron* factors militate against granting Plaintiff's requests for
counsel at this time.  To date, Plaintiff has ably represented himself and presented his
claims.  Also, Plaintiff's requests indicate that he receives law library assistance,
although not as quickly as he would like.  Finally, this case remains in its early stage,

_____

(§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling
attorney to represent an indigent civil litigant, the operative word in the statute being
"request.").

discovery not having yet commenced and Plaintiff having been granted leave to file an amended complaint.  Accordingly, the Court finds that counsel is not necessary at this time.  Therefore, the requests will be denied without prejudice to renew.  (D.I. 19, 22)

## IV.   MOTION TO ANSWER/REQUEST FOR ENTRY OF DEFAULT

Plaintiff's motion to compel (D.I. 40), construed as a motion to answer, and his request for entry of default (D.I. 41) will be denied because Burley filed an answer to the Complaint and the Connections Defendants filed a motion to dismiss.  (*See* D.I. 15, 38)

## V.   CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's requests for counsel (D.I. 19, 22); (2) grant Connections Defendants' motion to dismiss (D.I. 38); (3) deny Plaintiff's motion to answer (D.I. 40); and (4) deny Plaintiff's request for entry of default (D.I. 41).  Plaintiff will be given leave to file an amended complaint on the medical needs (*i.e.* vision/eyeglasses) claim against the Connections Defendants.

An appropriate order will be entered.

11