IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENDALL MAURICE SMITH, III,    )
    )
       Plaintiff,    )
    )
       v.    ) Civ. Action No. 18-387-CFC
    )
LAURA BRACKETT, et al.,    )
    )
       Defendants.    )

---

Kendall Maurice Smith, III, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Kelly Elizabeth Rowe, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendants Laura Brackett, Stacie Collins-Young, and Penny Davis-Wipf.

Victoria R. Sweeney, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant Katrina Burley.

## MEMORANDUM OPINION

February 22, 2021
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

Plaintiff Kendall Maurice Smith, III ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  (D.I. 2, 10)  He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff filed an Amended Complaint on June 15, 2020.  (D.I. 48)  Pending is a motion to dismiss filed by Defendants Laura Brackett ("Brackett"), Stacie Collins-Young ("Collins"), and Penny Davis-Wipf (Davis") (collectively "Medical Defendants") and Plaintiff's opposition.  (D.I. 49, 50, 56)

I.      BACKGROUND

In the original complaint Plaintiff alleged that he suffered for a number of years due to extreme delay and denial of medical treatment related to his eyes, vision, and prescription glasses.  (D.I. 2, 10)  Upon screening, the Court liberally construed the allegations and allowed Plaintiff to proceed on what appeared to be cognizable medical needs claims related to Grievance 334538 that Plaintiff had submitted on April 10, 2016. The Court dismissed all other claims, including grievance claims, medical needs claims raised against the December 2015 grievance committee members, and all claims raised against Defendants Robert Coupe, Marc Richman, Jane/John Doe medical director, and John/Jane Does investigators based upon lack of personal involvement and respondeat superior, and because the allegations did not rise to the level of constitutional violations. (*See* D.I. 11, 12)

Once served, Medical Defendants moved to dismiss the claims against them. (D.I. 38, 39)  In granting the motion, the Court noted that the only claim that survived

screening was that on May 6, 2016, Plaintiff was seen by the grievance committee comprised of the Medical Defendants and Defendant Katrina Burley ("Burley") and the grievance committee granted in part and denied in part Grievance 334538.  The motion was granted because the Complaint lacked allegations of Medical Defendants' personal involvement and because it was not clear whether Plaintiff challenged the grievance process or the medical decisions reached by the Medical Defendants when reviewing the grievance.  (D.I. 46 at 9-11)  Plaintiff was given leave to file an amended complaint. (D.I. 46 at 10; D.I. 47)  He did so on June 15, 2020.  (D.I. 48)

The following facts are taken from the Amended Complaint and assumed to be true for purposes of deciding the pending motion.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff alleges that the grievance committee's medical decision on December 9, 2015 directly relates to his medical needs claim.  (D.I. 48 at 1)  Specifically, he alleges that the grievance committee wrongfully denied his December 9, 2015 grievance for failure to submit a sick call slip when the grievance committee was aware at the time that Plaintiff had followed sick call procedures.  (*Id.* at 1-2)  Plaintiff alleges that this wrongful denial further delayed an August 11, 2014 recommendation for his evaluation by an optometrist.  (*Id.* at 1)  Finally, he alleges that the granting of the $4.00 medical fee in the April 10, 2016 grievance validated that the December 2015 decision was directly responsible for denying and delaying the recommendation of treatment.  (*Id.* at 1-2)

Medical Defendants move to dismiss on the grounds that:  (1) the Court previously found that the actions of the December 9, 2015 grievance committee did not

2

rise to the level of a constitutional violation; (2) the Court previously held that the claims relating to the administration of the grievance process are frivolous; and (3) the claims are time-barred.  (D.I. 50)

When Plaintiff had not filed an opposition to the motion to dismiss, the Court entered an order and gave him a February 5, 2021 deadline to do so.  (D.I. 55)  On January 27, 2021, Plaintiff filed a document titled "Amended Complaint (On Medical Needs Claim) (Response to Defendants' Motion)."  (D.I. 56)  The content of the filing is identical to the Amended Complaint filed on June 15, 2020.  (*Compare* D.I. 48 to D.I. 56)

## II.    LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  To state a claim upon which relief can be granted a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the complaint must set forth enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

3

When considering Rule 12(b)(6) motions to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d at 64. The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citations omitted).

## III.   DISCUSSION

Medical Defendants move for dismissal on a number of grounds. The Court turns to the statute of limitations issue as it is dispositive of the claims raised against them.

The claims raised against the Medical Defendants in the Amended Complaint center around the December 9, 2015 grievance committee decision. Plaintiff relies upon the decision in an attempt to raise Eighth Amendment medical needs claims.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff complains of acts that occurred on December 9, 2015. The claims occurred more than two years prior to the March 12, 2018 filing of the original complaint (calculated using the prison mailbox rule) and are barred by the applicable two-year limitation period. *See Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 199 (3d

4

Cir. 2019); 10 Del. C. § 8119.  Accordingly, the Court will grant Medical Defendants'

motion to dismiss the Amended Complaint.  (D.I. 49)

The matter proceeds on the original complaint and the claims raised against

Burley.  (*See* D.I. 47)

## IV.   CONCLUSION

For the above reasons, the Court will grant Medical Defendants' motion to

dismiss.  (D.I. 49)

An appropriate order will be entered.

5