IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENDALL MAURICE SMITH, III, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-387-CFC |
| KATRINA BURLEY, | : |
| Defendant. | : |

**MEMORANDUM**

Plaintiff Kendall Maurice Smith, III, an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2) On June 5, 2020, the Court denied Plaintiff's request for a counsel without prejudice to renew. (D.I. 47) On May 25, 2021, Plaintiff filed a motion for reconsideration of last year's order. (D.I. 66) Plaintiff moves for reconsideration of the June 5, 2020 Order denying his request for counsel on the grounds that he feels "overwhelmed and confounded about the discovery/deposition process due to this being [his] first time ever." (*Id.*)

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.

1

1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's June 8, 2020 Order that denied the request for counsel. The Court notes that Plaintiff has adequately represented himself throughout this matter and has recently submitted answers to interrogatories propounded upon him. In addition, the Federal Rules of Civil Procedure provide a guide on how to proceed with discovery. Therefore, the motion for reconsideration will be denied. (D.I. 66)

## V. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion. (D.I. 66)

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

July 13, 2021
Wilmington, Delaware

2